**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PATRICIA LORD** ) | **Case Number** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL COMPLAINT** |
| ) | |
| **CLIENT SERVICES, INC.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant.** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Patricia Lord, by and through their undersigned counsel, Warren & Vullings, LLP, complaining of Defendant, and respectfully aver as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff is an individual consumer and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act at 73 Pa. C.S. §2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S. 201-1 et seq. ("UTPCPL") all of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

**II.   JURISDICTION**

2.     Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.     Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here and the conduct complained of occurred here.

**III.   PARTIES**

4.     Plaintiff, Patricia Lord ("Plaintiff"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 4241 Fairdale Road, Philadelphia, Pennsylvania  19154.

5.     Defendant, Client Services, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 3451 Harry S. Truman Boulevard, St. Charles, Missouri  63301.

6.     Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another, in this instance the alleged account was with Bank of America.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

**IV.   FACTUAL ALLEGATIONS**

7.     Plaintiff has recently started receiving a series of harassing calls from defendant and/or Defendant's agents.  The harassing calls are relative to a consumer debt allegedly incurred by Patricia Lord with Bank of America.

8. On July 21, 2008 at 8:16 p.m. Plaintiff received a call from an agent of the Defendant identified as "Shelley Heller". The phone number the agent called from was 800-521-3236. The phone number the agent called to was 215-632-3618. During this call the following conversation took place:

*Plaintiff* – "I want to pay but my husband lost his job. He got another job but he took a pay cut."

*Agent of Defendant* – "How much of a pay cut did he take?"

*Plaintiff* – "About $15,000 to $20,000."

*Agent of Defendant* – "So when is payday and how much are you going to pay then?"

*Plaintiff* – "We can't pay anything right now but when we can we will."

*Agent of Defendant* – "Oh, you WILL pay it!" "DO YOU THINK I'M YOUR MOMMY AND YOU DON"T HAVE TO PAY ME BACK!"

*Plaintiff* – "Don't call me again, I'll call you."

*Agent of Defendant* – "I'LL CALL YOU UNTIL THE DEBT IS PAID!"

*Plaintiff* – "Stop harassing me."

*Agent of Defendant* – "DON'T ACT LIKE THE VICTIM!"

The Plaintiff ended the conversation by hanging up.

9. The following day (July 22, 2008), the Plaintiff called the Defendant back and spoke with a male agent of the Defendant (no name given). After looking at the Plaintiff's credit report and telling the Plaintiff he knew of another one of her credit cards that had an available balance, the agent deceptively coerced and harassed the Plaintiff until she used the other credit card to make a payment of $1,836.

10. Neither the Defendant nor any agent of the Defendant ever gave the Plaintiff a mini-Miranda warning during their telephone conversations.

11. The harassing, intimidating, deceptive and bullying behavior of the Defendant are violations of the FDCPA.

## COUNT I
## FDCPA VIOLATION 15 U.S.C. § 1692 et seq.

13. The above paragraphs are hereby incorporated herein by reference.

14. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a. 15 U.S.C. 1692e(10), in that Defendant used false representations or deceptive means to collect or attempt to collect the alleged debt.

b. 15 U.S.C. 1692e(11), in that Defendant failed to state in a series of telephone calls that it was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

c. 15 U.S.C. 1692d, in that Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiffs in connection with the collection of a debt.

e. 15 U.S.C. 1692b(1), in that Defendant failed to identify themselves or failed to state that the collector was confirming or correcting location information.

f. 15 U.S.C. 1692f, in that the Defendant used unfair or unconscionable means to collect the alleged debt.

15. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiffs for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, attorney's fees and costs and other appropriate relief, pursuant to 73 P.S. § 201-9.2.

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in their favor and against Defendant and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT ("FCEUA"), 73 Pa. C.S. § 2270.1, et seq.

16. Plaintiff repeat, re-allege and incorporate by reference the foregoing paragraphs.

17. The collection of debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. §2270.1 et seq., ("FCEUA") and the

Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S. 201-1 et seq. ("UTPCPL"). Defendant is a "debt collector" pursuant to 73 Pa. C.S. §2270.3.

18. The alleged debt Defendant was attempting to collect is a "debt" as defined by 73 Pa C.S. §2270.3

19. The FCEUA proscribes, <u>inter alia</u>, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

20 The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

21. Violations of the FDCPA is a <u>per se</u> violation of the FCEUA and the UTCPL.

22. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

23. By virtue of the violations of law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble attorneys' fees and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of suit; and

    d.      Such additional relief as is deemed just and proper, or that the interests of justice may require.

### COUNT III
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. §201-1 et seq.

24.      The foregoing paragraphs are incorporated herein by reference.

25.      Plaintiffs and Defendant are "Persons" pursuant to 73 Pa. C.S. §201-2.

26.      The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices" either at, prior to, or subsequent to a consumer transaction.

27.      The actions of Defendant, as aforesaid, constitute unfair or deceptive acts and practices under the UTPCPL, by way of the following, inter alia:

    a.      Defendant misrepresented to Plaintiffs the character, extent, or amount of the debt or its status in a legal proceeding, 73 P.S. §201-3.1;

    b.      Defendant engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding, 73 P.S. §201-2(xxi);

    c.      Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL;

28.      As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

29. By virtue of the violations of law as aforesaid, and pursuant to the UTPCPL, Plaintiff are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE,** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    i. An Order declaring that Defendant violated the UTPCPL;

    ii. Actual damages;

    iii. Treble damages;

    iv. An award of reasonable attorney's fees and expenses and costs of suit; and

    v. Such addition relief as is deemed just and proper, or that the interests of justice may require.

### V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

                **Respectfully submitted,**

                **WARREN & VULLINGS, LLP**

Date:   08/07/08            BY:   **/s/ Brent F. Vullings**_____
                                Brent F. Vullings, Esq.
                                Warren & Vullings LLP
                                Identification No. 92344
                                1603 Rhawn Street
                                Philadelphia, PA  19111
                                215-745-9800   Fax 215-745-7880
                                Attorney for Plaintiff